UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,                    :

               Plaintiff,       :       Criminal Action
                                  No. 05-10182-JLT

     v.                                          :

RAPHAEL GONZALEZ, et al.,                     :

               Defendants.       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### THIRD PARTY PETITION OF MICHELLE A. ARPIN
### FOR RELIEF FROM PRELIMINARY ORDER OF FORFEITURE
### AND FOR HEARING TO ADJUDICATE INTEREST IN PROPERTY

Michelle A. Arpin ("Petitioner") hereby petitions the Court pursuant to 21 U.S.C.

§ 853(n)(2) for relief from the Preliminary Order Of Forfeiture dated March 3, 2008 and requests

that the Court enter an Order validating her legal right and interest in the real property identified

as "located at 14 Cousins Street, Salem, Massachusetts 01970, more specifically described in the

deed recorded on December 31, 2003, in the Essex South County registry of deeds, book 22250,

page 468" ("14 Cousins Street"). Petitioner has legal right to 14 Cousins Street and Rafael

Gonzalez ("Defendant"), the criminal defendant in this action, has no interest in 14 Cousins

Street.

In support hereof, Petitioner states as follows:

1.       Petitioner's legal interest in 14 Cousins Street commenced on or about

December 29, 2003 when she purchased 14 Cousins Street from Jeanne E. Higgins. A true and

accurate copy of the Deed conveying ownership of 14 Cousins Street from Jeanne E. Higgins to

Petitioner is attached hereto as Exhibit A. A true and accurate copy of the U.S. Department of

Housing And Urban Development Settlement Statement in connection with that transaction is attached hereto as Exhibit B.

2.      14 Cousins Street is subject to a mortgage granted by MSA Mortgage, LLC. A true and accurate copy of the mortgage is attached hereto as Exhibit C.

3.      Since the grant of the mortgage in 2003, Petitioner has paid and continues to pay regular the mortgage installment payments on 14 Cousins Street. For example, attached hereto as Exhibit D is a true and accurate redacted copy of a Petitioner's December 5, 2007 Mortgage Account Statement from citimortgage® and a true and accurate redacted copy of Petitioner's Eastern Bank statement for the December 7, 2007 - January 7, 2008 period reflecting payment of $2,633.55. Attached hereto as Exhibit E is a true and accurate redacted copy of a Petitioner's May 3, 2007 Mortgage Account Statement from citimortgage® and a true and accurate redacted copy of Petitioner's Eastern Bank statement for the May 5, 2007 - June 6, 2007 period reflecting payment of $2,564.88.

4.      Petitioner has resided at 14 Cousins Street since its purchase in 2003 and currently resides there with her small children.

## SUMMARY

5.      Petitioner, not Defendant, is the owner of 14 Cousins Street.

6.      14 Cousins Street is not "property constituting, or derived from, any proceeds [Defendant] obtained, directly or indirectly, as the result of" criminal violations for which Defendant has been charged. See 21 U.S.C. § 853(a)(1).

7.      14 Cousins Street was never Defendant's property; therefore, it was not "[Defendant's] property used, or intended to be used, in any manner or part, to commit, or to

2

facilitate the commission of" criminal violations for which Defendant has been charged.  See 21 U.S.C. § 853(a)(2).

WHEREFORE, petitioner Michelle A. Arpin respectfully requests that this Court (i) grant a hearing on this petition for relief from the March 3, 2008 Preliminary Order Of Forfeiture, (ii) adjudicate and declare that she has legal right and interest in 14 Cousins Street, (iii) amend the order of forfeiture to exclude 14 Cousins Street, and (iv) provide such other and further legal and equitable relief as this Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on April 18, 2008.

Michelle A. Arpin

Dated:  April 18, 2008
        Boston, Massachusetts

Respectfully submitted,

James R. Carroll (BBO #554426)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 573-4800
jcarroll@skadden.com

Counsel for Petitioner
Michelle A. Arpin

CERTIFICATE OF SERVICE

I hereby certify that a true copy
of the above document was served upon
the attorney of record for each other
party by first-class mail, postage
pre-paid, on April 18, 2008.

3

# *Deed*

*I*, **Jeanne E. Higgins**, *Individually, of* 14 Cousins Street, Salem, Massachusetts 01970 *in consideration of* **Three Hundred Sixty Thousand and 00/100 Dollars ($360,000.00)** *grant to* **Michelle A. Arpin**, **Individually** *of* 14 Cousins Street, Salem, Massachusetts 01970 *with QUITCLAIM COVENANTS*

The land in Salem, situated on Cousins Street, together with the building thereon, bounded and described as follows:

**SOUTHEASTERLY** by Cousins Street, thirty-one (31') feet;

**NORTHEASTERLY** by land now or late of Scechowicz, seventy-one feet, six inches (71.6")

**NORTHWESTERLY** by land now or late of Nevins, thirty-one feet (31'); and

**SOUTHWESTERLY** by land now or late of Shaw about seventy four feet, six inches (74.6").

Being the same premises as conveyed by Deed of Gary E. Tilton and Marion E. Tilton to Jeanne E. Higgins, dated and recorded February 4, 1993 at the Essex South County Registry of Deeds in Book 11734, Page 52.

*Executed as a sealed instrument this* 29th *day of December, 2003.*

*Jeanne E. Higgins*

### *Commonwealth of Massachusetts*                    *Essex, ss:*

*On this 29th day of December, 2003, before me personally appeared Jeanne E. Higgins, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that her executed the same as her free act and deed.*

*David A. Camiel*
*Notary Public*
*My Commission Expires: June 20, 2008*

# U.S. Department of Housing
# And Urban Development    OMB No. 2502-0265

## A. Settlement Statement

**B. Type of Loan:** 1. ☐ FHA  2. ☐ FmHA  3. ☒ Conv. Unins. 4. ☐ VA  5. ☐ Conv. Ins

| 6. File Number ARPINmi | 7. Loan Number 303-198 | 8. Mortgage Insurance Case Number |
|---|---|---|

**C. NOTE:** This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing, they are shown here for informational purposes and are not included in the totals.

| D. NAME AND ADDRESS OF BORROWER: | Michelle A. Arpin<br>23 Turner Street Unit #4, Salem, Massachusetts 01970 |
|---|---|
| E. NAME AND ADDRESS OF SELLER: | Jeanne E. Higgins<br>14 Cousins Street, Salem, Massachusetts 01970 |
| F. NAME AND ADDRESS OF LENDER: | MSA Mortgage<br>26 Princess Street, Suite 301, Wakefield, Massachusetts 01880 |

| G. PROPERTY LOCATION: | 14 Cousins Street, Salem, Massachusetts 01970 |
|---|---|
| H. SETTLEMENT AGENT: | Gilmartin, Magence, Camiel & Ross LLP, 352 Turnpike Road Southborough, MA 01772 |
| PLACE OF SETTLEMENT: | Essex South Cty Registry of Deeds, Salem, Massachusetts 01970 |

| I. SETTLEMENT DATE: | December 29, 2003 | DISBURSEMENT DATE: | December 29, 2003 |
|---|---|---|---|

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER** | | **400. GROSS AMOUNT DUE TO SELLER:** | |
| 101. Contract sales price | $360,000.00 | 401. Contract sales price | $360,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (from Line 1400) | $6,327.09 | 403. | |
| 104 | | 404. | |
| 105. | | 405. | |
| **ADJUSTMENTS FOR ITEMS PAID BY SELLER IN ADVANCE:** | | **ADJUSTMENTS FOR ITEMS PAID BY SELLER IN ADVANCE:** | |
| 106. City/town taxes 12/29/2003 to 12.31/2003 | $24.50 | 406. City/town taxes 12/29/2003 to 12/31/2003 | $24.50 |
| 107. County taxes to | | 407. County taxes to | |
| 108. Assessments to | | 408. Assessments to | |
| 109. | | 409. | |
| 110. February RE Tax Bill *Estimated* | $745.33 | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMOUNT DUE FROM BORROWER:** | $367,096.92 | **420. GROSS AMOUNT DUE TO SELLER:** | $360,024.50 |
| **200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER:** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER:** | |
| 201. Deposit or earnest money | $1,000.00 | 501. Excess deposit (see Instructions) | |
| 202. Principal amount of new loan(s) | $310,000.00 | 502. Settlement charges to seller (Line 1400) | $19,171.60 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. Closing Cost Credit from Guaranty | $1,854.70 | 504. Bank of America-Payoff | $83,563.00 |
| 205. Refund of Deposit Fee | $300.00 | 505. Northern Mass Telephone Workers CU-Payoff | $82,054.02 |
| 206. | | 506. Deposit Retained by R.E. Broker | $1,000.00 |
| 207. Closing Cost Credit from Seller | $2,000.00 | 507. Closing Cost Credit from Seller | $2,000.00 |
| 208. | | 508. | |
| 209. | | 509. | |
| **ADJUSTMENTS FOR ITEMS UNPAID BY SELLER:** | | **ADJUSTMENTS FOR ITEMS UNPAID BY SELLER:** | |
| 210. City/town taxes to | | 510. City/town taxes to | |
| 211. County taxes to | | 511. County taxes to | |
| 212. Assessments to | | 512. Assessments to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. Water/Sewer Adjustment | $128.92 | 515. Water/Sewer Adjustment | $128.92 |
| 216. | | 516. | |
| 217 | | 517. | |
| 218 | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER:** | $315,283.62 | **520. TOTAL REDUCTIONS AMOUNT DUE SELLER:** | $187,917.54 |
| **300. CASH AT SETTLEMENT FROM/TO BORROWER:** | | **600. CASH AT SETTLEMENT TO/FROM SELLER:** | |
| 301. Gross amount due from borrower (Line 120) | $367,096.92 | 601. Gross amount due to seller (Line 420) | $360,024.50 |
| 302. Less amount paid by/for borrower (Line 220) | $315,283.62 | 602. Less reductions in amount due seller (Line 520) | $187,917.54 |
| 303. CASH ( From/To ) Borrower | $51,813.30 | 603. CASH ( From/To ) Seller | $172,106.96 |

We, the undersigned, identified in Section D hereof and Seller in Section E hereof, hereby acknowledge receipt of this completed Settlement Statement on December 29, 2003.

## L. SETTLEMENT CHARGES

| | | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|---|
| **700. TOTAL SALES/BROKERAGE COMMISSION BASED ON PRICE: $360,000.00** | | | | |
| DIVISION OF COMMISSION (LINE 700) AS FOLLOWS: | | | | |
| 701. $18,000.00 | to Remax | | | |
| 702. | to | | | |
| 703. Commission paid at Settlement | | | | $17,000.00 |
| 704. Deposit Retained by R.E. Broker | | $1,000.00 p.o.c. | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN:** | | | | |
| 801. Loan Origination Fee 0.0000% | to | | | |
| 802. Loan Discount 0.0000% | to | | | |
| 803. Appraisal Fee | to Guaranty National Mortgage | | $450.00 | |
| 804. Credit Report | to Guaranty National Mortgage | | $50.00 | |
| 805. MSA Funding Fee | to MSA Mortgage, LLC | | $500.00 | |
| 806. Processing Fee | to Guaranty National Mortgage | | $395.00 | |
| 807. Courier Fee | to Guaranty National Mortgage | | $75.00 | |
| 808. | to | | | |
| 809. | to | | | |
| 810. | to | | | |
| 811. Yield Spread Premium | to Guaranty National Mortage by MSA | $5,425.00 p.o.c. | | |
| 812. | to | | | |
| 813. | to | | | |
| 814. | to | | | |
| 815. | to | | | |
| 816. | to | | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE:** | | | | |
| 901. Interest from 12/29/2003 | to 01/01/2004 at 37.1575/Day 3 day(s) | | $111.47 | |
| 902. Mortgage Insurance Premium for | 0 Months to | | | |
| 903. Hazard Insurance Premium for | 1 Years to Mass Property Ins. | | $1,550.00 | |
| 904. | 0 Years to | | | |
| 905. | to | | | |
| **1000. RESERVES DEPOSITED WITH LENDER:** | | | | |
| 1001. Hazard Ins | 3 months at | $116.67 per month to MASS Property | $350.01 | |
| 1002. Mortgage Ins | 3 months at | $157.58 per month to | $472.74 | |
| 1003. City Tax | 2 months at | $248.45 per month to City of Salem, MA | $496.90 | |
| 1004. County Tax | 0 months at | per month to | | |
| 1005. Assessments | 0 months at | per month to | | |
| 1006. | 0 months at | per month to | | |
| 1007. | 0 months at | per month to | | |
| 1008. Aggregate Adjustment | | | $-954.53 | |
| **1100. TITLE CHARGES:** | | | | |
| 1101. Settlement or closing fee | to | | | |
| 1102. Abstract or title search | to Karen Fitzgerald | | $159.50 | |
| 1103. Title examination | to | | | |
| 1104. Title insurance binder | to | | | |
| 1105. Document preparation | to | | | |
| 1106. Notary fees | to | | | |
| 1107. Attorney's fees | to Gilmartin, Magence, Camiel & Ross, LLP | | $550.00 | |
| (includes above item numbers: ) | | | | |
| 1108. Title Insurance | to First American Title Insurance Company | | $1,486.00 | |
| (includes above item numbers: ) | | | | |
| 1109. Lender's coverage $310,000.00 | @ $775.00 $1,040.20 | to Gilmartin, Magence, Camiel & Ross LLP | | |
| 1110. Owner's coverage $360,000.00 | @ $711.00 $445.80 | to First American Title Insurance Company | | |
| 1111. | to | | | |
| 1112. | to | | | |
| 1113. Deed Preparation Fee | to GMCR, LLP | | | $100.00 |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES:** | | | | |
| 1201. Recording fees: | Deed $125.00 Mortgage $175.00 Release(s) $300.00 | | $300.00 | $300.00 |
| 1202. City/county tax/stamps: | Deed Mortgage: | | | |
| 1203. State tax/stamps: | Deed $1,641.60 Mortgage: | | | $1,641.60 |
| 1204. MLC Recording Fee | to Registry of Deeds | | $65.00 | |
| 1205. Assignment Recording Fee | to Registry of Deeds | | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES:** | | | | |
| 1301. Plot Plan | to Boston Survey | | $100.00 | |
| 1302. Obtain MLC | to Tax Collector | | $25.00 | |
| 1303. Certified Copies | to Registry of Deeds | | | $30.00 |
| 1304. Courier Fee | to GMCR, LLP | | | |
| 1305. Rundown Recording Fee | to GMCR, LLP | | $35.00 | |
| 1306. Discharge Tracking Fee | to GMCR, LLP | | | $100.00 |
| 1307. Homestead Preparation & Recording | to GMCR, LLP / Registry of Deeds | | $110.00 | |
| 1308. | to | | | |

MIN: 1002251-0000303198-1                    Loan Number: 303-198

## ADJUSTABLE RATE NOTE
### (1 Year Treasury Index--Rate Caps)

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

DECEMBER 29, 2003                    WAKEFIELD                    MASSACHUSETTS
[Date]                              [City]                        [State]

14 COUSINS STREET, SALEM, MASSACHUSETTS 01970
[Property Address]

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 310,000.00        (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is MSA MORTGAGE, LLC, A LIMITED LIABILITY COMPANY                                .
I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of        4.375 %. The interest rate I will pay will change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

### 3. PAYMENTS

#### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1st  day of each month beginning on FEBRUARY 1        , 2004 . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on JANUARY 1, 2034        , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 26 PRINCESS STREET STE. 301, WAKEFIELD, MASSACHUSETTS 01880

or at a different place if required by the Note Holder.

#### (B) Amount of My Initial Monthly Payments

Each of my initial monthly payments will be in the amount of U.S. $ 1,547.78        . This amount may change.

MULTISTATE ADJUSTABLE RATE NOTE--ARM 5-2--Single Family
Fannie Mae/Freddie Mac MODIFIED INSTRUMENT
FANNIE MAE ARM 4-2/5-2/6-2                    Page 1 of 4

Form 3502 1/01
DocMagic *eForms* 800-649-1362
www.docmagic.com

Js35021.not

**(C) Monthly Payment Changes**

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

## 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

**(A) Change Dates**

The interest rate I will pay may change on the 1st day of JANUARY, 2007 , and on that day every 12th month thereafter. Each date on which my interest rate could change is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the weekly average yield on United States Treasury securities adjusted to a constant maturity of one year, as made available by the Federal Reserve Board. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding TWO AND 750/1000 percentage points ( 2.750 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 6.375 % or less than 2.750 %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than TWO AND 000/1000 percentage points ( 2.000 %) from the rate of interest I have been paying for the preceding 12 months. My interest rate will never be greater than 10.375 %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## 5. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payment unless the Note Holder agrees in writing to those changes. My partial

MULTISTATE ADJUSTABLE RATE NOTE--ARM 5-2--Single Family
Fannie Mae/Freddie Mac MODIFIED INSTRUMENT
FANNIE MAE ARM 4-2/5-2/6-2                    Page 2 of 4

Form 3502 1/01
DocMagic *eFerms* 800-649-1362
www.docmagic.com

Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

## 6.  LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 7.  BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of   15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 3.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 8.  GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 9.  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

MULTISTATE ADJUSTABLE RATE NOTE--ARM 5-2--Single Family
Fannie Mae/Freddie Mac MODIFIED INSTRUMENT
FANNIE MAE ARM 4-2/5-2/6-2                     Page 3 of 4

Form 3502 1/01
DocMagic €Forms  800-649-1362
www.docmagic.com

Js35023 net

## 10. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 11. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.


_____ (Seal)          _____ (Seal)
MICHELLE A. ARPIN                 -Borrower                                          -Borrower


_____ (Seal)          _____ (Seal)
                                  -Borrower                                          -Borrower


_____ (Seal)          _____ (Seal)
                                  -Borrower                                          -Borrower

*[Sign Original Only]*

MULTISTATE ADJUSTABLE RATE NOTE--ARM 5-2--Single Family
Fannie Mae/Freddie Mac MODIFIED INSTRUMENT
FANNIE MAE ARM 4-2/5-2/6-2                    Page 4 of 4

Form 3502 1/01
DocMagic ☎Formes 800-649-1362
www.docmagic.com

# PAYMENT LETTER TO BORROWER

FROM:    MSA MORTGAGE, LLC
         ·26 PRINCESS STREET STE. 301
         ·WAKEFIELD, MASSACHUSETTS, 01880

RE:      Loan No: 303-198
         Property Address: 14 COUSINS STREET, SALEM, MASSACHUSETTS 01970

TO:      ·MICHELLE A. ARPIN
         ·23 TURNER STREET #4
         ·SALEM, MASSACHUSETTS 01970

Dear Borrower:

The monthly payments on the above referred to loan are to begin on   FEBRUARY 1, 2004     , and will continue
monthly until JANUARY 1, 2034        .

Your monthly payment will consist of the following:

| | |
|---|---|
| PRINCIPAL AND INTEREST | $ 1,547.78 |
| MMI/PMI INSURANCE | 157.58 |
| RESERVE FOR TAXES | 248.45 |
| RESERVE FOR INSURANCE | 129.17 |
| RESERVE FOR FLOOD INSURANCE | |
| | |
| | |
| TOTAL MONTHLY PAYMENTS | $ 2,082.98 |

You are to make your payments to:

         ·MSA MORTGAGE , LLC
         ·26 PRINCESS STREET STE. 301
         ·WAKEFIELD, MASSACHUSETTS 01880

Any correspondence, or calls, in reference to your loan, please refer to the above loan number.

Copy received and acknowledged.

Date: _____

         MICHELLE A. ARPIN

DocMagic &#8482; 800-649-1362
www.docmagic.com

 citimortgage

MORTGAGE ACCOUNT STATEMENT

Page 1 of 2

### Account Information

Statement Date: 12/05/07
Property Address: 14 COUSINS STREET
SALEM MA 01970

ACCOUNT NUMBER:

| | |
|---|---|
| Type of Mortgage | 3/1 ARM |
| Principal Balance | $289,912.30 |
| Interest Rate | 6 37500% |
| Escrow Balance | $3,866.79 |
| Interest Year to Date | $18,138.70 |
| Taxes Paid Year to Date | $4,114.88 |

Take command of your mortgage - Visit Today!
**www.citimortgage.com**

Customer service 1-800-627-9473*
*Calls are randomly monitored and recorded to ensure quality service.

SIS0071D-264303392007AF01-12/05/07-17-004710-1



MICHELLE A ARPIN
14 COUSINS ST  2
SALEM MA 01970-5229

### Account Activity

| | PAYMENTS RECEIVED | CURRENT PAYMENT DUE |
|---|---|---|
| Date | 12/01/07 | 01/01/08 |
| Principal | $380.41 | $362.32 |
| Interest | $1,542.07 | $1,540.16 |
| Escrow | $731.07 | $731.07 |
| **Total Amount** | **$2,633.55** | **$2,633.55** |

On 11/16/07, $157.58 was paid for PMI Insurance.

Your interest rate will change to 6.50000%. Your monthly payment will be adjusted to $2,656.35 on 02/01/08.

### Monthly Highlights

Due to year end processing, payments received after Midnight Eastern on December 31st, 2007 will be posted and credited in January 2008.

A tax and interest statement for income tax purposes will be included with your next billing statement which will be sent by January 31, 2008.

Time to take a second look at your ARM. The time has come for your Adjustable Rate Mortgage to reset. Is your mortgage still the right one for you? Talk with someone who knows you and mortgages. Call us today to discuss your mortgage options and take advantage of benefits such as a **0.125% discount** on our best customer interest rate, a **simplified process and personalized, expert assistance**. Call us at **1-800-816-7864**and mention offer code **80210-1**.

**Want to save money on your mortgage?**
Go to **www.citimortgage.com/biweeklyadvantage** to learn how The BiWeekly Advantage℠ Plan could help you save thousands of dollars in interest and pay off your mortgage sooner!

---

### Detach and return the bottom portion with payment. Retain the top portion for your records.

Account Number:

MICHELLE A ARPIN
Please designate how you want us to apply any additional funds. Undesignated funds first pay outstanding late charges and fees, then principal. Once paid, additional funds cannot be returned.
☐ Please check box to indicate mailing address/phone number changes and enter on reverse side.
Include account number on check and make payable to:

CITIMORTGAGE, INC.
PO BOX 689196
DES MOINES IA  50368-9196

| | Due Date: | Total Amount Due: |
|---|---|---|
| See detail below: | 01/01/08 | $2,633.55 |

| | |
|---|---|
| Additional Principal: | $ |
| Additional Escrow: | $ |
| If payment received after: 01/16/08 Add late charge of:  $57.07 | $ |
| Additional Monthly Payment: | $ |
| Total Amount Enclosed | $ |

Please do not send cash. Please allow 7 to 10 days for postal delivery.

**This is not a bill. Please disregard the coupon unless you are making additional principal, escrow or fee payments.**
AUTOMATIC PAYMENT WITHDRAWAL PLAN - PLEASE DO NOT MAIL A PAYMENT
The amount of $2,633.55 will be automatically deducted on 01/01/08







Page 1

Statement Period 12/07/07 - 01/07/08
Number of Days in Period: 32
Account
Number of Items Enclosed: 0

MICHELLE ARPIN
14 COUSINS ST
SALEM MA 01970-5229

For 24 hour automated account information or to speak with an Eastern representative between the hours of 8:00am-8:00pm Monday-Friday or Saturday, 9:00am-3:00pm, please call 1-800-EASTERN.

*AUTOMOBILE INSURANCE RATES ARE CHANGING IN 2008! CONTACT EASTERN INSURANCE FOR COMPETITIVE RATES AND QUOTES. FOR MORE INFORMATION, PLEASE SEE EASTERN INSURANCE INSERT IN THIS STATEMENT OR CALL 1-800-752-1422. EASTERN INSURANCE GROUP LLC*

## PREMIER CHECKING

| | | |
|---|---|---|
| Starting Balance | Average Collected Balance | |
| Total Deposits/Credits | Interest Earned This Period | $0. |
| Total Withdrawals/Debits | Year to Date Interest Paid | $0. |
| Ending Balance | Annual Percentage Yield Earned | 0.15% |
| | Interest Rate  12/06/07 | 0.15% |

## Deposits/Credits

| Post Date | Amount | Description |
|---|---|---|
| 12/13 | | |
| 12/14 | | |
| 12/14 | | |
| 12/28 | | |
| 01/07 | | |
| 01/07 | | |

**REDACTED**



Page 2

MICHELLE ARPIN

Statement Period 12/07/07 - 01/07/08
Number of days in Period: 32
Account #

---

## Deposits/Credits, cont.

| Post Date | Amount | Description | |
|-----------|--------|-------------|---|
| 01/07 | | | |

**TOTAL**

---

## Other Withdrawals/Debits

| Post Date | Amount | Description | |
|-----------|--------|-------------|---|
| 12/07 | | | |
| 12/10 | | | |
| 12/10 | | | |
| 12/17 | | | |
| 12/24 | | | |
| 12/26 | | | |
| 12/27 | | | |
| 12/27 | | | |
| 12/31 | | | |
| 12/31 | | | |

REDACTED

Page 3

MICHELLE ARPIN

Statement Period 12/07/07 - 01/07/08
Number of days in Period: 32
Account

## Other Withdrawals/Debits, cont.

| Post Date | Amount | Description | |
|-----------|--------|-------------|---|
| 12/31 | | | |
| 12/31 | | | |
| 12/31 | | | |
| 01/02 | | | |
| 01/02 | | | |
| 01/02 | | | |
| 01/02 | | | |
| 01/02 | | | |
| 01/02 | | | |
| 01/02 | 2,633.55 | Electronic Payment CITIMORTGAGE INC LOAN PAYMT | |
| 01/03 | | | |
| 01/04 | | | |
| 01/04 | | | |

REDACTED



**Page 4**

MICHELLE ARPIN

Statement Period 12/07/07 - 01/07/08
Number of davs in Period: 32
Account

## Other Withdrawals/Debits, cont.

| Post Date | Amount | Description |
|-----------|--------|-------------|
| 01/07 | | |
| 01/07 | | |
| 01/07 | | |
| 01/07 | | |
| **TOTAL** | ; | |

## Balance Summary

| Data | Balance | Date | Balance | Date | Balance |
|------|---------|------|---------|------|---------|

**REDACTED**



# citimortgage

## MORTGAGE ACCOUNT STATEMENT

Page 1 of 2

### Account Information

Statement Date  05/03/07
Property Address  14 COUSINS STREET
SALEM MA 01970

ACCOUNT NUMBER:

| | |
|---|---|
| Type of Mortgage | 3/1 ARM |
| Principal Balance | 292,395.50 |
| Interest Rate | 6 37500% |
| Escrow Balance | 2,070 60 |
| Interest Year To Date | 7,304 54 |
| Taxes Paid Year To Date | 2,033 98 |

Take command of your mortgage - Visit today!
**www.citimortgage.com**

Customer Service 1-888-427-8473*
*Calls are randomly monitored and recorded to ensure quality service.

01457-0006633-002

MICHELLE A ARPIN
14 COUSINS ST 2
SALEM MA  01970-5229

### Account Activity

| | PAYMENTS RECEIVED | CURRENT PAYMENT DUE |
|---|---|---|
| DATE | 5/01/07 | 6/01/07 |
| PRINCIPAL | 347.28 | 349.13 |
| INTEREST | 1,555 20 | 1,553 35 |
| ESCROW | 662.40 | 662.40 |
| TOTAL AMOUNT | 2,564.88 | 2,564.88 |

ON 04/17/07,  $157 58 WAS PAID FOR PMI INSURANCE
ON 04/17/07,  $1,016.99 WAS PAID FOR CITY/TOWN TAX

### Monthly Highlights

**Want to save money on your mortgage?**
Go to **www.citimortgage.com/biweeklyadvantage** to learn how The BiWeekly Advantage℠ Plan could help you save thousands of dollars in interest and pay off your mortgage sooner!

---

### Detach and return the bottom portion with payment. Retain the top portion for your records.

Account Number
MICHELLE A ARPIN
Please designate how you want us to apply any additional funds.
Undesignated funds first pay outstanding late charges and fees, then
principal. Once paid, additional funds cannot be returned
☐ Please check box to indicate mailing address/phone number changes and
enter on reverse side
Include account number on check and make payable to:

CITIMORTGAGE, INC
PO BOX 689196
DES MOINES IA 50368-9196

| See detail below: | Due Date: 06/01/07 | Total Amount Due: $2,564.88 |
|---|---|---|
| Additional Principal: | $ | |
| Additional Escrow: | $ | |
| If payment received after: 6/16/07 Add late charge of: $57 07 | $ | |
| Additional Monthly Payment: | $ | |
| Total Amount Enclosed | $ | |

**Please do not send cash.  Please allow 7 to 10 days for postal delivery.**

This is not a bill.  Please disregard the coupon unless you are making additional principal, escrow or fee payments.
**AUTOMATIC PAYMENT WITHDRAWAL PLAN - PLEASE DO NOT MAIL A PAYMENT**

The amount of $2,564.88 will be automatically deducted on 06/01/07, or the next business day

REDACTED





Page 1

Statement Period 05/05/07 - 06/06/07
Number of Days in Period: 33
Account
Number of Items Enclosed: 2

IIIunullblulullluullulullbllhhuulllulllul

**MICHELLE ARPIN**
**14 COUSINS ST**
**SALEM MA 01970-5229**

For 24 hour automated account information or to speak with an Eastern representative between the
hours of 8:00am-8:00pm Monday-Friday or Saturday, 9:00am-3:00pm, please call 1-800-EASTERN.

## PREMIER CHECKING

| | | |
|---|---|---|
| Starting Balance | Average Collected Balance | |
| Total Deposits/Credits | Interest Earned This Period | |
| Total Withdrawals/Debits | Year to Date Interest Paid | |
| Ending Balance | Annual Percentage Yield Earned | 0.15% |
| | Interest Rate  05/04/07 | 0.15% |

## Deposits/Credits

| Post Date | Amount | Description |
|---|---|---|
| 05/14 | | |
| 05/17 | | |
| 05/18 | | |
| 06/01 | | |

**REDACTED**

 **Eastern Bank**

Page 2

MICHELLE ARPIN

Statement Period 05/05/07 - 06/06/07
Number of days in Period: 33
Account

---

## Deposits/Credits, cont.

| Post Date | Amount | Description |
|-----------|--------|-------------|
| 06/06 | | |

**TOTAL**

---

## Checks

| Check # | Post Date | Amount | Check # | Post Date | Amount | Check # | Post Date | Amount |
|---------|-----------|--------|---------|-----------|--------|---------|-----------|--------|
| 339 | 05/16 | | 340 | 05/29 | | | | |

**TOTAL    2 check(s) @**

---

## Other Withdrawals/Debits

| Post Date | Amount | Description |
|-----------|--------|-------------|
| 05/07 | | |
| 05/09 | | |
| 05/10 | | |
| 05/10 | | |
| 05/11 | | |

**REDACTED**

Page 3

MICHELLE ARPIN

Statement Period 05/05/07 - 06/06/07
Number of davs in Period: 33
Account

## Other Withdrawals/Debits, cont.

| Post Date | Amount | Description |
|---|---|---|
| 05/14 | | |
| 05/14 | | |
| 05/14 | | |
| 05/16 | | |
| 06/01 | 2,564.88 | Electronic Payment<br>CITIMORTGAGE INC LOAN PAYMT |
| 06/04 | | |
| 06/04 | | |
| 06/05 | | |
| 06/06 | | |
| **TOTAL** | | |

## Balance Summary